```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                   BLUEFIELD DIVISION
```

**KELLY CRAHAN,**

    **Petitioner,**

v.                                                **Civil Action No. 1:04-0426**

**VANESSA ADAMS, Warden,**
**FPC Alderson,**

    **Respondent.**

## MEMORANDUM OPINION

Pursuant to the court's Judgment Order of June 23, 2006, in which the court dismissed petitioner's application as moot and indicated that an explanatory memorandum opinion would follow forthwith, the court now issues its memorandum opinion.

On May 4, 2004 petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner argues that the BOP's practice regarding transfer of inmates to Community Corrections Centers ("CCC") at the end of their prison terms is invalid for a variety of reasons. (Doc. No. 1 at 7.) Petitioner seeks transfer to a CCC for the last six months of her sentence.

On July 28, 2004, the magistrate judge filed his F & R recommending that the district court dismiss petitioner's

application with prejudice.  (Doc. No. 17.)  On August 9, 2004 petitioner filed objections to the magistrate judge's F & R (Doc. No. 18).

Dismissal of petitioner's application as moot is appropriate because petitioner has already completed her term of incarceration and was released on March 18, 2005.  See <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998) (holding that a "collateral consequence" of conviction must exist after a prisoner's release in order for her to continue to maintain a challenge to her confinement); <u>Lopez v. Fed. Bureau of Prisons</u>, 2006 WL 219607, *1 (D.P.R. 2006).  In this case, petitioner challenges the conditions of her confinement but not the underlying fact of conviction.  As such, the court finds that no "collateral consequence" of conviction is at issue.  Accordingly, in an accompanying Judgment Order, because no case or controversy presently exists in this case, the court hereby DISMISSES petitioner's application as moot and directs the Clerk to remove this case from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion to all counsel of record and petitioner, pro se.

IT IS SO ORDERED this 23rd day of June, 2006.

ENTER:

David A. Faber
Chief Judge